UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-29, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-29 2505 W. CHANDLER BLVD., CHANDLER, AZ 85224,<br><br>Plaintiff,<br><br>v.<br><br>CASCADE HOMEOWNERS ASSOCIATION, INC.; DAISY TRUST; and ABSOLUTE COLLECTION SERVICES LLC,<br><br>Defendants. | Case No. 2:16-cv-01317-JCM-VCF<br><br>ORDER |

Presently before the court is defendant Daisy Trust's motion to dismiss. (ECF No. 11). Plaintiff Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-29, Mortgage Pass-Through Certificates, Series 2004-29, 2505 W. Chandler Blvd., Chandler, AZ 85224 ("BNYM") filed a response (ECF No. 21), to which Daisy Trust replied (ECF No. 22).

**I.    Facts**

This case involves a dispute over real property located at 7840 Ithaca Falls Street, Las Vegas, NV 89149 (the "property").

On April 23, 2004, Patrick and Suzanne Simmons (the "Simmonses") purchased the

property. (ECF No. 1 at 4). The Simmonses later refinanced the property by way of a loan in the amount of $276,000.00 evidenced by a note and secured by a deed of trust recorded on November 9, 2004. (ECF No. 1 at 4).

On September 2, 2011, defendant Absolute Collection Services LLC ("ACS"), acting on behalf of defendant Cascade Homeowners Association, Inc. (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $2,959.85. (ECF No. 1 at 4). On November 9, 2011, ACS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $3,865.85. (ECF No. 1 at 4).

On March 23, 2012, ACS recorded a notice of trustee's sale, scheduling the trustee's sale for May 15, 2012, and stating an amount due of $5,505.85. (ECF No. 1 at 4–5). On August 14, 2012, defendant Daisy Trust purchased the property at the trustee's sale for $7,700.00. (ECF No. 1 at 6). On August 15, 2012, a trustee's deed upon sale in favor of Daisy Trust was recorded. (ECF No. 1 at 6).

On March 1, 2016, the assignment deed of trust assigning the deed of trust to BNYM was recorded. (ECF Nos. 1 at 4; 11 at 2).

On June 14, 2016, BNYM filed a complaint alleging four causes of action against defendants the HOA, Daisy Trust, and ACS: (1) quiet title/declaratory relief against all defendants; (2) breach of NRS 116.1113 against the HOA and ACS; (3) wrongful foreclosure against the HOA and ACS; and (4) injunctive relief against Daisy Trust. (ECF No. 1). BNYM alleges that it attempted to tender the HOA lien amount to the HOA through ACS, but defendants failed to respond to BNYM's efforts. (ECF No. 1 at 5–6).

In the instant motion, defendant Daisy Trust moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11).

**II.   Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

///

///

### III. Discussion

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Defendant Daisy Trust argues that it is a bona fide purchaser and BNYM failed to allege any facts that would put Daisy Trust on notice of BNYM's tender of the superpriority portion of the HOA lien.[1] (ECF No. 11 at 7). Daisy Trust further contends that plaintiff has an adequate remedy at law and equity should therefore not intervene with the title of a bona fide purchaser. (ECF No. 11 at 7–8). Daisy Trust thus maintains that the complaint should be dismissed. (ECF No. 11 at 19).

The arguments set forth in Daisy Trust's motion presume that it is a bona fide purchaser and that BNYM tendered the amount due on the HOA lien. However, despite Daisy Trust's repeated assertion that it is a bona fide purchaser, such a finding has yet to be made or otherwise proven. Further, the complaint does not allege that it tendered the amount due. Rather, the complaint alleges that BNYM offered to remit payment, but the HOA and ACS failed to respond. (*See* ECF No. 1 at 5). Accordingly, the court will deny Daisy Trust's motion to dismiss.

### IV. Conclusion

Accordingly,

---

[1] Daisy Trust presumably intended to assert that BNYM failed to allege facts to put Daisy Trust on notice of BNYM's ***attempted*** tender of the HOA lien since the complaint alleges that BNYM offered to remit payment but the HOA and ACS failed to respond. (*See* ECF No. 1 at 5).

1  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Daisy Trust's
2  motion to dismiss (ECF No. 11) be, and the same hereby is, DENIED.
3  DATED THIS 20th day of January, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE