UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>CASCADE HOMEOWNERS ASSOCIATION, INC., et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1317 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Cascade Homeowners Association, Inc.'s motion for attorney fees. (ECF No. 53). The deadline to respond was August 28, 2017, no response has been filed, and several weeks have passed since the deadline. Accordingly, the motion is granted.

Nonetheless, the court examined the legality and objective reasonableness of the attorney fees requested. Cascade moves for fees under Federal Rule of Civil Procedure 68 and Nevada Rule of Civil Procedure 68 because Cascade made an offer of judgment to plaintiff The Bank of New York Mellon before Cascade prevailed in this action. (ECF No. 53). While the federal Rule 68 does not mention attorney fees (it explicitly mentions only "costs"), Nevada's Rule 68 does:

> **(f) Penalties for Rejection of Offer.** If the offeree rejects an offer and fails to obtain a more favorable judgment,
>
> > (1) the offeree cannot recover any costs or attorney's fees and shall not recover interest for the period after the service of the offer and before the judgment; and
>
> > (2) the offeree shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment **and reasonable attorney's fees**, if any be allowed, actually incurred by the offeror from the time of the offer. If the offeror's attorney is collecting a contingent fee, the amount of any attorney's fees awarded to the party for whom the offer is made must be deducted from that contingent fee.

**James C. Mahan**
**U.S. District Judge**

Nev. R. Civ. P. 68 (emphasis added). The Ninth Circuit has held that the United States District Court in the District of Nevada may award fees under NRCP 68, through operation of FRCP 54(d), when NRCP 68 would allow for it in state court. *See Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016) (holding that the federal court can grant fees under Nevada Rule of Civil Procedure 68, the court held that the federal "Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law.").

The Bank of New York Mellon's claims arose under state law. (*See* ECF No. 1). Before the court dismissed these claims, Cascade made an offer of judgment to The Bank of New York Mellon of $2,500.00. (ECF No. 53-1). Because there has been no response to the instant motion—and thus no challenge to the reasonableness of Cascade's offer—this court will assume that the offer was a reasonable one for the purposes of the instant motion.

Cascade prevailed in this matter because this court dismissed all claims against it and all other defendants. (ECF No. 51). Therefore, under FRCP 54 and NRCP 68, this court may grant reasonable attorney fees to Cascade.

Cascade requests $2,740.50 for 18.90 hours spent on the defense of this case from the time of the rejections of the offer of judgment. (ECF No. 53 at 9–10). This amount reflects a fixed hourly fee of $145 per hour. The court's task now is to determine if this request is reasonable. *See generally Brunzell v. Golden Gate National Bank*, 455 P.2d 31 (Nev. 1969); *Beattie v. Thomas*, 99 P.2d 268 (1983). The court must consider, and has considered, the following factors:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 455 P.2d at 33. Further, when considering fees under NRCP 68, the court considers:

> [5] Whether the plaintiff's claim was brought in good faith; [6] whether the offeror's offer of judgment was brought in good faith; [7] whether the offeree's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and [8] whether fees sought by the offeror are reasonable and justified in amount.

*MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1283 (9th Cir. 1999) (citing *Beattie v. Thomas*, 668 P.2d 268 (Nev. 1983)).

The court has considered all of the above factors and has examined the complaint, the offer of judgment, the instant motion and exhibits attached, and makes the following findings: the advocate has sufficient qualities to justify a $145 per hour billing rate; the work done justified 18.9 hours of billing; the work actually performed by the lawyer was adequate; Cascade's attorney was successful; the plaintiff's claim was brought in good faith; the offeror's offer of judgment was brought in good faith (as mentioned above, The Bank of New York Mellon has waived any argument to the contrary, so this court applies a presumption that this was a good faith offer); the decision to reject the offer was not in bad faith or grossly unreasonable; the fees sought by Cascade are reasonable and justified in amount.

Accordingly, with the balance of factors weighing in Cascade's favor, and plaintiff The Bank of New York Mellon providing no opposition or response,

IT IS HEREBY ORDERED that the motion for fees (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall pay $2,740.50 to defendant Cascade's counsel in attorney fees.

DATED September 20, 2017.

_____
UNITED STATES DISTRICT JUDGE